UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>   v.<br><br>PCS EDVENTURES!.COM, INC., and Idaho Corporation, ANTHONY A. MAHER, an individual, and SHANNON M. STITH, an individual,<br><br>                Defendants. | Case No. 1:10-CV-433-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it Defendants' Motion to Strike the SEC's Amended Complaint Submitted by Defendant PCS Edventures!.Com, Inc. And Anthony A. Maher (Dkt. 15) and Defendants' Motion to Dismiss the SEC's Amended Complaint (And/Or for Summary Judgment) By Defendants PCS Edventures!.Com, Inc. and Anthony A. Maher (Dkt. 16). The Court heard oral argument on the motions on January 27, 2011, where the Court orally denied the motion to dismiss. The motion to strike was taken under advisement. The Court now issues a written decision further explaining its reason to deny the motion to dismiss, and ruling on the motion to strike.

# LEGAL STANDARD

Defendants filed a document entitled "Motion to Dismiss the SEC's Amended Complaint (And/Or for Summary Judgment) By Defendants PCS Edventures!.Com, Inc. And Anthony A. Maher." Rule 12(b)(6) gives district courts discretion to accept and consider extrinsic materials offered in connection with motions to dismiss. In such circumstances, the court can convert the motion to one for summary judgment when the parties have notice that the court may look beyond the pleadings. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007).

In this case, although both parties submitted some extrinsic evidence, both parties focused their briefs on the motion to dismiss legal standard. Moreover, much of the extrinsic evidence, including emails, was not properly authenticated. The Ninth Circuit "has repeatedly held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Beyene v. Coleman Sec. Services, Inc.,* 854 F.2d 1179, 1182 (9th Cir.1988). Authentication, required by Federal Rule of Evidence 901(a) is not satisfied simply by attaching a document to an affidavit. *Id.* Similarly, Rule 901(a) is not satisfied simply by attaching a document to a party's statement of facts. The parties must submit affidavits containing testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of documents. *Id.* Accordingly, the Court will treat Defendants' motion as a motion to dismiss.[1]

---

[1] If the parties file summary judgment motions in the future, they must ensure that any documents submitted for and against the motions have a proper foundation laid to authenticate

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

In a more recent case, the Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*.  "Rule 8 marks a notable and generous departure

---

them.

from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009)(issued 2 months after *Iqbal*).[2] The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if

---

[2] The Court has some concern about the continued vitality of the liberal amendment policy adopted in *Harris v. Amgen*, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim. . ..". Given *Twombly* and *Iqbal*'s rejection of the liberal pleading standards adopted by *Conley,* a question arises whether the liberal amendment policy of *Harris v Amgen* still exists. Nevertheless, the Circuit has continued to apply the liberal amendment policy even after dismissing claims for violating *Iqbal* and *Twombly*. *See Market Trading, Inc. v. AT&T Mobility, LLC*, 2010 WL 2836092 (9th Cir. July 20, 2010) (not for publication). Accordingly, the Court will continue to employ the liberal amendment policy.

no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## ANALYSIS

1. **Defendants' Motion to Dismiss**

Defendants ask the Court to dismiss all three claims against them. The first is a Rule 10(b) fraud cause of action. "To establish a violation of section 10(b) and Rule 10b-5, the Commission is required to show that there has been a misstatement or omission of material fact, made with scienter." *Gebhart v. S.E.C.*, 595 F.3d 1034, 1040 (9th Cir. 2010). Scienter may be established "by proving either actual knowledge or recklessness."

*Id*. at 1040-1041 (Internal citations omitted). Information is considered material when there is a substantial likelihood that a reasonable investor would consider it important in determining whether to buy or sell stock. *Basic, Inc. v. Levinson*, 485 U.S. 224, 231-32 (1988). The Supreme Court has "explained the role of the materiality requirement of Rule 10b-5, with respect to contingent or speculative information or events." *Basic*, 485 U.S. at 238. Under these circumstances, materiality "will depend at any given time upon a balancing of both the indicated probability that the event will occur and the anticipated magnitude of the event in light of the totality of the company activity." *Id*. (Internal citation omitted). For omissions, "there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *TSC Indus. v. Northway*, 426 U.S. 438, 489 (1976).

The Court finds that the Amended Complaint sufficiently asserts the elements necessary to support the fraud claim. First, the SEC asserts that the March 28, 2007 press release and Form 8-K contained misrepresentation that PCS had entered into a contract that entitled it to collect $7.15 million, but that there was no such entitlement. The Amended Complaint alleges that PCS had agreed that it would not enforce the license agreement absent a contract with Saudi Arabia, and that PCS knew that no contract had been executed at the time of the announcement. These same alleged misrepresentations and omissions were repeated in the Form 8-K/A and Form 10-KSB. In these filings, the SEC alleges that PCS failed to disclose the contingent nature of the agreement. Instead,

the SEC alleges PCS continued to insist it was entitled to the payment, that the payment would be made, but that it had only been temporarily delayed.

Second, the Amended Complaint alleges the materiality of PCS's misrepresentations and omissions by stating the impact of the announcement in the days and weeks following the press release where the stock price for PCS jumped 400% and the trading volume spiked 600%. The SEC also alleges that PCS conceded materiality when it chose to file a Form 8-K on these matters.

Third, the Amended Complaint sufficiently pleads scienter. Under Rule 9(b), scienter may be averred generally. Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.") Defendants suggest that the heightened pleading requirement for scienter in cases under the Private Securities Litigation Reform Act ("PSLRA") should apply here because of the heightened ethical obligations of the SEC and government lawyers. It does not appear the Ninth Circuit has weighed in on this issue, but all other cases reviewed by this Court state the opposite. All cases reviewed by this Court specifically state that the more rigorous pleading requirements under the PSLRA do not apply to securities fraud actions brought by the SEC. *See e.g., S.E.C. v. Prater*, 296 F.Supp.2d 210, 215 (D.Conn. 2003); *S.E.C. v. Lucent Techs., Inc.*, 363 F.Supp.2d 708, 717 (D.N.J.2005); *S.E.C. v. ICN Pharm., Inc.*, 84 F.Supp.2d 1097, 1099 (C.D.Cal. 2000); *S.E.C. v. Kornman*, 391 F.Supp.2d 477, 494 (N.D.Tex. 2005).

In this case, the SEC has alleged sufficient facts to show that Defendants had

knowledge of, and participated in, preparing and publishing the alleged misrepresentations and omissions contained in the press releases, Form 8-K, Form 8-K/A, and Form 10-KSB. These allegations are sufficient to meet the pleading standards of scienter in a Rule 10(b) action brought by the SEC.

The SEC has adequately pled the particularities necessary to support a claim of fraud against Defendants. The SEC sufficiently alleges that Defendants knowingly made material misrepresentations and omissions in the press releases, the Form 8-K and Form 8-K/A, and in PCS's Form 10-KSB.

With respect to the second cause of action, the SEC alleges that PCS violated, and that Maher aided and abetted PCS's violations of, Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, and 13a-13 by filing a materially false and misleading Form 8-K, Form 8-K/A, and Form 10-KSB. Section 13(a) of the Exchange Act and Rules 13a-1 and 13a-13 require issuers of securities to file with the Commission accurate and timely annual and quarterly reports. 15 U.S.C. §§ 78m(a) and 17 C.F.R. §§ 240.13a-1 and 240.13a-13. Rule 12b-20 under the Exchange Act requires that these reports contain any material information necessary to make the required statements made in the reports not misleading. 17 C.F.R. § 240.12b-20.

To establish aiding and abetting liability, the following three requirements must be shown: (1) a primary violation of the securities laws by another; (2) knowledge of the primary violation an of his own role in furthering it by the aider and abettor; (3) and substantial assistance by the aider and abettor in achieving the primary violation. *Ponce*

*v. S.E.C.*, 345 F.3d 722, 737 (9th Cir. 2003). The Amended Complaint alleges PCS's primary violations of Section 13(a) and the related rules. It alleges that PCS's Forms 8-K, 8-K/A, and 10-KSB materially misrepresented the license agreement, its entitlement to collect the $7.15 million revenue, and the then-current state of the transaction. These allegations are sufficient to support a primary violation of Section 13(a) and the associated rules. The Amended Complaint further alleges that Maher knowingly and substantially assisted in the filing of these reports, sufficiently pleading aiding and abetting liability. Accordingly, the Commission has properly pleaded these violations.

The third cause of action alleges Maher's false certification. The SEC alleges that Maher falsely certified PCS's 2007 Form 10-KSB pursuant to Exchange Act Rule 13a-14. 17 C.F.R. § 240.13a-14. Rule 13a-14 requires an issuer's principal executive officer to certify to the best of his or her knowledge that there are no untrue statements of material fact or omissions of a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading in reports filed by PCS under Section 13(a) of the Exchange Act. Id. Section 13(a) requires the filing of annual and quarterly reports. The SEC alleges that Maher reviewed, signed, and certified PCS's Form 10-KSB.

As alleged in the first cause of action, the SEC alleges that PCS's Form 10-KSB perpetuated the material misrepresentation that PCS had entered into an enforceable license agreement and was entitled to collect $7.15 million as a result, but that the payment had only been delayed. The SEC alleges this statement is false, and that Maher

knew the statement was false when he certified the Form 10-KSB.  Therefore, the SEC alleges that Maher certified PCS's annual report knowing that it contained false or misleading statements and omissions.   Accordingly, the motion to dismiss is denied.

2.      **Defendants' Motion to Strike**

At the conclusion of oral argument, the Court indicated that it would consider granting the motion to strike and asking the SEC to amend their complaint.  Upon reflection, the Court has determined that the motion to strike is without merit.

Defendants ask the Court to strike certain portions of the Amended Complaint pursuant to the Court's inherent power as described in *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991) and rules 11 and 12(f) of the Federal Rules of Civil Procedure.  The specific language in *Chambers* cited by Defendants deals with the Court's inherent power to vacate its own judgment and investigate whether the Court has been the victim of fraud. *Chambers*, 501 U.S. at 44.  This has no application to Defendants' request to strike portions of the Amended Complaint.

Under Rule 12(f), "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (Internal citation omitted).

Here, Defendants ask the Court to strike a number of allegations in the complaint essentially because Defendants disagree with them.  The Court cannot resolve disputed

factual issues on a Rule 12(f) motion to strike. *Id.* Those issues should be addressed in a motion for summary judgment.

Finally, Rule 11 deals with sanctions. Rule 11 sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). Rule 11 sanctions are "an extraordinary remedy, one to be exercised with extreme caution." *Conn v. Borjorquez*, 967 F.2d 1418, 1421 (9th Cir. 1992). Again, Defendants' motion essentially asks the Court to take its side on factual disputes. Rule 11 is not the proper means of doing that. Accordingly, the Court will deny the motion to strike.

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion to Strike the SEC's Amended Complaint Submitted by Defendant PCS Edventures!.Com, Inc. And Anthony A. Maher (Dkt. 15) is **DENIED**.

2. Defendants' Motion to Dismiss the SEC's Amended Complaint (And/Or for Summary Judgment) By Defendants PCS Edventures!.Com, Inc. and Anthony A. Maher (Dkt. 16) is **DENIED**.

3. Plaintiff's Motion to Submit a Supplemental Statement of Facts (Dkt. 42) is **DEEMED MOOT** in light of the Court's decision to deny the motion to dismiss.

DATED: **January 27, 2011**



_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 12**